1   Oudree Ellis-Sanders
2   3432 Capri Way, Unit 3
    Oceanside, CA 92056
3   (714) 329-0392
4   Plaintiff in Pro Per



5

6

7

8

9               **UNITED STATES DISTRICT COURT**
                **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  Oudree Ellis-Sanders                  Case No.: '24CV0408 BAS SBC
12  Stormi Sanders
    Trinity Ellis-Sanders (a minor)
13
                                          **COMPLAINT FOR**
14          Plaintiff(s),
                                          1. **VIOLATION OF THE**
15      vs.
                                             **FOURTEENTH AMENDMENT**
16  Guardian Piazza D'Oro LLC, A
                                             **DUE PROCESS CLAUSE**
17  Delaware LLC.
                                          2. **VIOLATION OF CA FAIR**
18  FPI Management, Inc.
                                             **EMPLOYMENT AND HOUSING**
19  Todd A. Brisco and Associates, APC
                                             **ACT (FEHA) CAL. CODE REGS.**
20
                                             **TIT. 2 § 12141, SECTION**
21          Defendant(s).
                                             **12005(b). (SOURCE OF**
22
                                             **INCOME DISCRIMINATION IN**
23
                                             **RENTAL HOUSING) AND FAIR**
24
                                             **HOUSING ACT ("FHA").**
25
                                          3. **VIOLATION OF**
26
                                             **CALIFORNIA'S UNRUH CIVIL**
27

28
                            1
                        COMPLAINT

RIGHTS ACT, 51 ET SEQ.
(DISCRIMINATION BASED ON
RACE, COLOR & DISABILITY)

4. **VIOLATION OF THE BUSINESS AND ETHICS CODE SECTION 6128(a)**

5. **VIOLATION OF BUSINESS AND PROFESSIONAL CODE SECTION 6106**

6. **VIOLATION OF CALIFORNIA RULES OF PROFESSIONAL CONDUCT RULE 4.1 AND RULE 8.4**

7. **VIOLATION OF 18 U.S. CODE 1621 AND SECTON 1746 OF TITLE 28**

8. **FRAUD**

**DEMAND OF JURY TRIAL**

Plaintiffs OUDREE ELLIS-SANDERS ("OUDREE"), STORMI SANDERS ("STORMI") and OUDREE ELLIS-SANDERS on behalf of TRINITY ELLIS-SANDERS ("TRINITY"), a minor, hereby alleges as follows against Defendants Guardian Piazza D'Oro, LLC, FPI Management, Inc. and Todd A. Brisco and Associates, APC ("DEFENDANTS"):

COMPLAINT

**INTRODUCTION**

1. Oudree Ellis-Sanders entered into a lease agreement with Piazza D'Oro Townhomes on August 01, 2020 with tenants listed as Stormi Sanders and Trinity Ellis-Sanders, her daughters. The property's address is 3432 Capri Way, Unit 3, Oceanside, CA 92056. Piazza D'Oro had a high turnover of office staff and management with at least six people leaving and entering these roles in a short two year time period of between 2020-2022; often policies or procedures would change without the proper notice or no notice at all. The rent initially began at $3070 at lease signing in August 2020 with annual increases; the rent went up to $3278 July 2021 and was proposed to go up again in July 2022 to $3500 but did not because there were pending rental funds owed to Piazza D'Oro Townhomes on behalf of Oudree Ellis-Sanders from the San Diego County Emergency Rental Assistance Program ("ERAP"); it was a proposed rent increase that Oudree never signed off on.

2. The action that Defendants filed in the San Diego Superior Court against the Plaintiffs is an unlawful eviction and tenants in the state of California cannot be evicted due to housing discrimination and retaliatory acts committed by the landlord which is exactly what is happening in this case. The discriminatory actions of the Defendants have harmed the Plaintiffs and caused Oudree increasingly severe distress related to the discrimination faced from the

3

COMPLAINT

Defendants and the illegal unlawful detainer being under the constant threat of eviction from discrimination which could lead to the Defendant becoming homeless which would be a miscarriage of justice.

3. This is an action to secure relief for the violations of rights guaranteed by the United States Constitution Fourteenth Amendment, Due Process Clause; The Fair Housing Act; California's Fair Employment and Housing *(FEHA), CAL. Code Regs. Tit. 2 12141, Section 12005(b); (Source Of Income Discrimination in Rental Housing); California's Unruh Civil Rights Act, 51 Et Seq. (Discrimination Based on Race, Color & Disability); the Business and Ethics Code Section 6128(a); Business and Professional Code Section 6106, Rule 8.4 and Rule 4.1; Business and Ethics Code 6068; U.S. Code 1621 and Section 1746 of Title 28;* and Fraud and Perjury committed by the Defendants.

4. Oudree brings this action to recover damages for the harms done to her and her daughters Stormi Sanders and Trinity Ellis-Sanders, and for injunctive relief so that the Defendants cease their discriminatory eviction and so that in the future the Defendants will abide by all applicable state and federal housing laws that are meant to afford everyone equal opportunity and enjoyment. In addition so that Defendants will also abide by the State of California Professional Business Codes and laws.

5. Unless enjoined, the Defendants will continue to engage in the unlawful acts

4

COMPLAINT

and practices of discrimination complained of herein. Plaintiffs have no adequate remedy at law. Accordingly, Plaintiffs are entitled to injunctive relief.

6. An actual controversy has arisen between the parties concerning their respective rights, duties and obligations under federal and state law.

## **JURISDICTION AND VENUE**

7. This Court has original jurisdiction over Plaintiffs claims arising under the *FHA, FEHA, 42 U.S. Code § 3601, 42 U.S. Code § 3604 and Fourteenth Amendment Due Process Clause; pursuant to U.S.C 1331*.

8. Plaintiffs state law claims are so related to those claims under which this Court has original jurisdiction that they form part of the same case and controversy. Supplemental jurisdiction is therefore appropriate over Plaintiffs remaining claims pursuant to *28 U.S. Code § 1367*.

9. This Court has jurisdiction over Plaintiffs claims for declaratory and injunctive relief pursuant *28 U.S.C 2201 and 2202*; as well as to *Federal Rule of Civil Procedure 65*.

10. In addition Plaintiffs are requesting punitive damages assessed under federal law that are reasonable which would be appropriate for this case because of the malice, oppression and fraud committed by the Defendants.

11. Venue is proper in this Court pursuant to *28 U.S. Code § 1391(b)* because the

COMPLAINT

events giving rise to the claims made herein occurred in this Judicial District and a substantial part of the property that is the subject of this action is situated in this Judicial District.

### THE PARTIES

12. Oudree Ellis-Sanders is a resident of the county of San Diego, is of African American descent, a single parent, Veteran, widow, her partner recently died January 19, 2023, and she is a person with disabilities as defined by the American With Disabilities Act ("ADA").

13. Stormi Sanders is of African American descent, while she is listed on the residential lease agreement located at 3432 Capri Way, Unit 3, Oceanside, CA 93056 she maintains a residence in the county of Orange.

14. Trinity Ellis-Sanders is the minor daughter of Oudree Ellis-Sanders, is of mixed race heritage and is a person with disabilities as defined by the American With Disabilities Act ("ADA"). Trinity resides with her mother Oudree Ellis-Sanders at 3432 Capri Way, Unit 3, Oceanside, CA 92056.

15. Defendant Guardian Piazza D'ORO, LLC owns the property Piazza D'RO Townhomes where the Plaintiff resides, its principal place of business is located at 3402 Piazza De Oro Way, #110, Oceanside, CA 92056.

16. Defendant FPI Management Inc. manages the property said herein and is the representative for Guardian Piazza D'Oro, LLC. FPI Management has a

6

COMPLAINT

leasing office onsite, the address is 3402 Piazza De Oro Way, #110, Oceanside, CA 92056, it's principal place of business.

17. Defendant Todd A. Brisco and Associates, APC was hired by Guardian Piazza D'Oro, LLC their principal place of business is located at 2200 W. Orangewood Ave, Ste 250, Orange, CA 92868. Todd A. Brisco and Associates, APC conducts business all over Southern California. The misconduct, fraud, actions and criminal behavior against the Plaintiffs from this law firm were all committed in this Judicial District.

## DEFENDANTS WRONGFUL CONDUCT

18. On January 31, 2023 the Oceanside Housing Authority ("OHA") section 8 rental assistance program, also known as the Housing Choice voucher program, approved the rental unit Oudree Ellis-Sanders is residing in for rental assistance. FPI Management's onsite manager Caroline Kolosky, after discussing it with her manager, refused to accept the rental assistance. Oudree, the housing inspector and OHA informed Piazza D'Oro's representatives that the documents that were sent to them would need to be signed by March 31, 2023 in order to back date rental assistance and pay rental assistance moving forward but Piazza D'Oro's representatives refused to sign the forms. Caroline Kolosky stated to Oudree that she could use her voucher somewhere else even though the unit had been approved for rental assistance. Their

7

COMPLAINT

refusal to accept rental assistance in California is prohibited and it is housing discrimination. On June 07, 2023 Oudree asked Caroline Kolosky to reconsider her decision and to accommodate her request and she again refused.

19. Neither Piazza D'Oro nor FPI Management, Inc. informed Oudree verbally or in writing that they weren't moving forward with the rental assistance from OHA. It wasn't until March 22, 2023 that Oudree became aware after representatives from OHA informed Oudree that Piazza D'ORO wasn't going to sign the contract after they tried to persuade them to accept the rental assistance.

20. Later unbeknownst to Oudree Defendants had moved forward with a formal eviction filing an action April 17, 2023. Oudree became aware of the action only because a notice for a default judgment had been mailed to her on or after July 07, 2023. It was discovered that Defendant Todd A. Brisco Law Firm's employee Ryan Norris had falsified documents stating he had personally served Oudree which never occurred, he also gave a description of Oudree that didn't match Oudree and said there was a dog in the home when Plaintiffs do not own any pets. Stormi Sanders wasn't present at the home. Stormi Sanders has no knowledge of the unlawful detainer action in San Diego superior court because she wasn't served and neither was Oudree and just

8

COMPLAINT

because Oudree has knowledge of the action doesn't constitute or substitute service or notice of the action. Defendants also took a month to file the proof of service, after they claimed to have served Oudree on May 05, 2023, with the superior Court which leads the Plaintiffs to believe that the Defendants were aware that their employee Ryan Norris had not executed the process service correctly but they filed it with the Court anyway. Plaintiffs right to due process were violated and yet this case is proceeding illegally. Plaintiffs filed an Ex Parte request in superior court to set aside default judgment in July 2023 and a motion to set aside the Writ of Execution, in August 2023, which were granted by the Superior Court. Plaintiff Oudree informed the Defendants that their employee Ryan Norris had committed a crime by falsifying the documents to the Court and that there was no actual service of the summons and complaint served to the Plaintiffs and the presiding Judge agreed.

21. On September 15, 2023 at a Case Status Management Conference in San Diego Superior Court was held after Plaintiffs motions were granted. At this point in the case the Defendant Attorney Todd Brisco was well aware that his employee Ryan Norris had falsified documents which were filed with the Court, which is also a crime under California state law under Penal codes 134 and 115. At this hearing on September 15, 2023 Attorney Todd Brisco decided to have Ryan Norris testify under oath that he believed he served Oudree,

committing Perjury which is also another crime under California state and federal laws. Defendant knew Ryan Norris would be committing perjury under oath but in complete disregard for the law he aided him in doing it anyway which is gross misconduct of an attorney. Defendants intended to commit Fraud to the Court, willfully egregious conduct. The Defendants intended to get a default judgment by committing fraud to the Court by falsifying documents and committing perjury among other illegal conduct. Their acts were despicable as they intended to deprive the Plaintiffs of their right to due process and to get a default judgment illegally.

22. Unlawful detainers cannot be granted due on the basis of housing discrimination and the Plaintiffs have been discriminated against on the basis of their race/color, familial status, disability and source of income. The *FHA, FEHA, California's Unruh Act and the Fourteenth Amendment Due Process Clause* are all laws with special protections for members of protected classes, prohibit housing discrimination and afford everyone the right to due process which were all violated by the Defendants.

23. For the purpose of this action the dates of ***March 22, 2023, April 17, 2023, May 05, 2023, May 30, 2023, June 12, 2023 and September 15, 2023*** are the dates of housing discrimination, wrongful conduct and fraud committed against the Plaintiffs which have harmed the Plaintiffs and jeopardized their

COMPLAINT

peace, enjoyment and liberty as tenants in addition to blatantly violating their

rights. The unlawful detainer action filed by the Defendants is not only illegal

and discriminatory but also unconstitutional.

24. The harmful misconduct and housing discrimination is ongoing as long as the

eviction is pending with the threat of eviction which could upend the Plaintiffs

lives due to the ongoing housing crisis in the state of California and the

homeless crisis and now the State of California has a migrant crisis which it

has no budget for which is only going to exacerbate the housing and homeless

crisis.

25. Plaintiffs don't have the financial resources to move or relocate and Oudree

and Trinity have disabilities which further add to the urgency and complexity

of this case. The State of California has an exorbitant cost of living which the

majority of Californians have felt the effects of with the rise in cost of goods,

food and housing. Presently the state of California is in a budget crisis fueled

by over spending, the migrant crisis and the cost of caring for undocumented

persons living in the state of California. The State of California has limited

resources for housing partners and social services to aid indigent

communities, families and persons with disabilities.

26. To understand how dire the threat of being unhoused is to persons with

disabilities and families are it would be catastrophic. Nearly 200,000 persons

11

COMPLAINT

are homeless in the state of California according to the U.S. Department of Housing and Urban Development, 28% of the nation's total homeless population. That's up nearly 40% from five years ago. The number is most likely much higher. There isn't a valid reason why Defendants won't accept the rental assistance payments except for discrimination.

27. When Defendants refused to accept Plaintiffs rental assistance that is prohibited by state laws, a source of income discrimination and housing discrimination because the Defendants are also aware of Plaintiffs disabilities and protected status and those must be taken into consideration as well as any reasonable accommodation request.

28. Defendants filed the action for eviction April 17, 2023 after refusing rental assistance that would have covered the full rental amount of the proposed $3500 rent and then claim Plaintiff owes them the rent after they refused the longterm section 8 rental assistance; Defendants refused the rent therefore Oudree doesn't feel she owes them rent they refused.

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE**

29. Plaintiffs incorporate by reference each and every allegation in the foregoing paragraphs of this Complaint.

30. The Defendants filed an illegal unlawful detainer against Defendants on April 17, 2023 and then willfully and intentionally sought to deprive the Defendants

12

COMPLAINT

of their right to Due Process.

**31.** Defendants employee Ryan Norris falsified documents to the superior Court claiming to have served Oudree with the summons and complaint on May 05, 2023 at a time she wasn't even home, further the description he provided is completely inaccurate. It would have been impossible to assert that Ryan Norris served anyone other than Oudree, which he claims might have happened, because no other adults live in the household, there are very few African Americans who live in the community and Oudree has no family in the state and no female friends in the area.

**32.** The lawsuit cannot proceed until service of process has properly been made on the defendant(s), courts have held that personal jurisdiction is "the very bedrock of due process." *McRae v. White, 269 App. 455, 604 S.E.2d 291 (2004).* As it currently stands both Oudree and Stormi were never served and the Defendants weren't ordered to serve them even though the presiding Judge agreed that they weren't served the Summons and Complaint and this case proceeding in Court violates their constitutional rights and shows biased actions of the superior Court. The superior Court never obtained jurisdiction to hear the matter because no notice was given to the Plaintiffs.

**33.** Furthermore the unlawful detainer action is unconstitutional it is not only a discriminatory action but it violates the very right all citizens have to due

COMPLAINT

process. The Fourteenth Amendment's Due Process Clause provides that no state may deprive any person of life, liberty, or property, without due process of law The Fourteenth Amendment's Due Process Clause guarantees procedural due process, meaning that government actors must follow certain procedures before they may deprive a person of a protected life, liberty, or property interest.

34. While Oudree has made special appearances in the unlawful detainer superior Court case Stormi has not had an opportunity to be heard nor notified that there is a pending unlawful detainer case against her.

35. Defendants have been aggrieved by this violation of the *Fourteen Amendment Due Process Clause.* As a result the Defendants have suffered emotional distress, anxiety, depression and anguish, humiliation, violation of dignity, loss of enjoyment of life and other compensatory damages. The unlawful detainer action has been a huge source of psychological distress for Oudree.

36. In federal courts situated in California, punitive damages are assessed under federal law, particularly in the *Due Process Clause of the Fourteenth Amendment.*

37. Plaintiffs seek relief, including compensatory, injunctive and punitive as set forth below.

## SECOND CAUSE OF ACTION

14

COMPLAINT

## VIOLATION OF CA FAIR EMPLOYMENT AND HOUSING ACT (FEHA) CAL. CODE REGS. TIT. 2 § 12141, SECTION 12005(b). (SOURCE OF INCOME DISCRIMINATION IN RENTAL HOUSING) AND VIOLATION OF THE FAIR HOUSING ACT ("FHA").

**38.** Plaintiffs incorporate by reference each and every allegation in the foregoing paragraphs of this Complaint.

**39.** The Fair Employment and Housing Act ("FEHA") and the Fair Housing Act ("FHA") includes robust protections for members of protected classes and many anti discrimination provisions prohibiting housing providers and landlords from discriminating against anyone with a disability or source of income; *CAL. CODE REGS. TIT. 2 § 12141, SECTION 12005(b).*

**40.** It is unlawful for a landlord or a landlord's agent to discriminate on the basis of the source of income by which a tenant or applicant for tenancy pays part or all of their rent by taking an "adverse action" as defined in *section 12005(b)*. For purposes of this section, additional examples of "adverse action" include:

(1) A refusal to negotiate in good faith with the provider of any public assistance, rental assistance, or housing subsidy program;

(2) A refusal to comply with the requirements of any public assistance, rental assistance, or housing subsidy program.

**41.** Plaintiffs unit was approved for section 8 rental assistance, a federally funded

program, on January 31, 2023 after being inspected earlier in the month. Defendants then refused to negotiate or comply with the terms of the rental assistance by refusing to return forms and the contract for payment requested of them by OHA.

42. Caroline Kolosky employee of FPI Management, Inc and representative of Piazza D'Oro Townhomes told Oudree she should use her section 8 voucher somewhere else which is a discriminatory statement and violates the Fair Housing Act. Landlords and their representatives don't get to pick and choose where renters live and this is why the Fair Housing Act was enacted to protect the most vulnerable persons and members of protected classes from discrimination.

43. *The Fair Housing Act, 42 U.S.C. 3601 et seq.*, prohibits discrimination by direct providers of housing, such as landlords and real estate companies as well as other entities.

44. When Defendants refused to accept the section 8 rental assistance on behalf of tenant Oudree and further told her that she should use her section 8 voucher elsewhere it was understood that because of her status as a person of color, low income with disabilities who relied on rental assistance she was being treated differently for those characteristics than someone who is not a person of color at that residential location and doesn't have rental assistance. In other

COMPLAINT

instances Oudree had been treated differently by FOI Management, Inc. by having her car towed September 2022 with no notice and no warning yet her neighbor in an adjacent building who is Caucasian parked in front of her garage daily from July 2022 up until September 2023, and allowed her friends/guests to do so too, often blocking entry to Plaintiffs garage and while Plaintiff and Oudree and other neighbors complained for months nothing was done immediately although it was a nuisance; the neighbor violating the parking rules was given many warnings. Oudree was treated differently she believes because of her race, color and disability.

45. Instead of accepting the section 8 rental assistance Defendants filed an unlawful detainer alleging unpaid rent for 2023 and for the balance owed to them from ERAP which they agreed to wait for.

46. Plaintiffs seek relief, including compensatory, injunctive and punitive as set forth below.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNRUH CIVIL RIGHTS ACT, 51 ET SEQ. (DISCRIMINATION BASED ON RACE, COLOR & DISABILITY)

47. Plaintiffs incorporate by reference each and every allegation in the foregoing paragraphs of this Complaint.

48. The *Unruh Civil Rights Act (California Civil Code Section 51)* provides

protection from discrimination by all business establishments in California, including housing and public accommodations, because of age, ancestry, color, disability, national origin, race, religion, sex and sexual orientation.

49. Defendants: Piazza D'Oro Townhomes is a mixed use residential retail property, FPI Management, Inc is a business operating onsite at Piazza D'Oro Townhomes and Todd A. Brisco and Associates, APC is a licensed law firm in the state of California.

50. Oudree is being denied housing by Defendants by their refusal to accept the section 8 rental assistance, administered by Housing and Urban Development ("HUD") offered to Piazza D'Oro Townhomes on her behalf which is prohibited by the state of California and federal government; CAL. CODE REGS. TIT. 2 § 12141, SECTION 12005(b) and FHA. Further Defendants filed an unlawful detainer against Plaintiffs which is an act of housing discrimination in an effort to displace her, discriminate against her due to her source of income, race, color, familial status and disability.

51. Recently Oudree discovered that Piazza D'Oro Townhomes onsite personnel deactivated her access to onsite amenities that she was once able to use with her FOB key; landlords are prohibited from using self-help lockout measures which are illegal evictions. Oudree has also been blocked by FPI Management from using her online account to make payments for utilities.

COMPLAINT

**52.** Plaintiffs seek relief, including compensatory, injunctive and punitive as set forth below.

## FOURTH CAUSE OF ACTION

## VIOLATION BUSINESS AND PROFESSIONS CODE - BPC § 6128(a)

53. Plaintiffs incorporate by reference each and every allegation in the foregoing paragraphs of this Complaint.

54. Plaintiff alleges that the attorneys at Todd A. Brisco and Associates. APC in particular the ones who have worked this case: attorney Todd Brisco, esq. and Veronica Guzman, esq. both deceived the superior court or consented to deceit collusion by their employee Ryan Norris who worked as a process server on their behalf.

55. Attorneys Todd A. Brisco and Veronica Guzman were aware their employee had committed wrongdoing, falsified documents yet they tried to convince the Court that no wrongdoing occurred and even though the description was completely wrong and it was on a day Plaintiff wasn't home attorney Veronica Guzman filed a declaration stating that she received a copy of the service performed so it must have happened even though she wasn't present and wasn't a witness; attorney Todd Brisco brought in Ryan Norris to commit another crime: Perjury. These were attempts by both attorneys to deceive the court and to further jeopardize the Plaintiffs rights and right to possession,

attempts to cover up the crimes committed and to obtain a judgment for their client by illegal means which meant collusion and fraud.

56. Plaintiffs seek relief, including compensatory, injunctive and punitive as set forth below.

## FIFTH CAUSE OF ACTION

### VIOLATION OF BUSINESS AND PROFESSIONAL CODE SECTION 6106

57. Plaintiffs incorporate by reference each and every allegation in the foregoing paragraphs of this Complaint.

58. *Code Section 6106.* The commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise.

59. Plaintiffs fully believe Defendant Todd A.Brisco and Associates, APC knew their employee Ryan Norris meant to cause Plaintiffs harm by depriving them of their right to due process and notice of the unlawful detainer that was filed by Guardian Piazza D'Oro, LLC.

60. After Plaintiff notified Defendants that their employee Ryan Norris falsified records and committed fraud to the superior Court attorney Todd Brisco appeared with Ryan Norris in court so to try to convince the Court that Oudree or someone who looked like Oudree was served on May 05, 2023 therefore aiding his employee to commit Perjury and Fraud among other crimes.

COMPLAINT

61. The fact of the matter is that no personal service ever occurred and the law firm failed to even notify Plaintiff that an unlawful detainer was pending. The only inkling that an action was pending was when Oudree received a default judgment in the mail. Attorney Todd Brisco and his employee intended to circumvent the law and the court in order to obtain an illegal default judgment.

62. Stormi Sanders who is named in this unlawful detainer filed by the Defendants to this day has not been notified, served with the summons and complaint and has no idea that the unlawful detainer action is pending against her. Defendants intended to deprive her of her right to due process and commit fraud to the Court. Oudree Ellis-Sanders has not been served in any capacity either.

63. Plaintiffs seek relief, including compensatory, injunctive and punitive as set forth below.

## SIXTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA RULES OF PROFESSIONAL CONDUCT RULE 4.1 AND RULE 8.4

64. Plaintiffs incorporate by reference each and every allegation in the foregoing paragraphs of this Complaint

65. *Rule 8.4* It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly

21

COMPLAINT

assist or induce another to do so, or do so through the acts of another;

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice

66. *Rule 4.1* In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of material fact or law to a third person; or

(b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

67. Both Attorney Todd Brisco and Attorney Veronica Guzman have engaged in egregious and troubling behavior while representing their client Defendant Guarrdian Piazza D'Oro LLC by attempting to and violating the rules of Professional conduct.

68. Todd Brisco Law Firm and Associstes, APC knew that their employee Ryan Norris had falsified the proof of service to Oudree it was peculiar and suspicious that Todd Brisco Law Firm would wait nearly a month after the claim of service May 05, 2023; to file the proof of service on May 30, 2023.

69. The proof of service was not in fact ever completed. Plaintiffs believe that

COMPLAINT

Ryan Norris under pressure to complete the job given to him and get paid he falsified the documents, made false claims and the law firm filed the documents with the superior Court. This is fraud, deceit, misrepresentation and criminal.

70. Whether Attorneys initially knew their employee Ryan Norris had committed a crime is unclear but they knew something was amiss. Following the criminal behavior from their employee and after Plaintiff had informed them of the fraud their employee committed they further engaged in dishonesty, deception and fraud to the Court by coaching their employee to further lie to the Court under oath therefore committing perjury which is another crime.

**71**. Both Attorney Todd Brisco and Attorney Veronica Guzman have misrepresented not only the facts of this case by stating that Oudree owes rent to Piazza D'Oro Townhomes that they refused but they gave false and misleading accounts of the Process service.

**72**. When it became evident and clear to the superior court and presiding Judge that proof of service didn't match the description of Oudree nor availability of Oudree on that day Attorney Todd Brisco in a desperate attempt to get a motion to dismiss Oudree's Ex Parte brought his employee to Court to commit perjury and to also mislead the Court by stating that he (Ryan Norris) believed that the person he served was Oudree; implying that there was someone who looked similar at the house that accepted the forms which is false.

COMPLAINT

**73**. The truth of the matter is Ryan Norris may have attempted service on other occasions to Plaintiffs residence but was unable to complete service because Oudree is rarely home due to many medical appointments. However it is very skeptical that he ever went to the property because Oudree never encountered, spoke to or saw Ryan Norris; he is a liar.

**74**. Oudree resides only with her minor daughter Trinity Ellis-Sanders no other persons could have received documents on her behalf and all of Oudree's neighbors are non-Black persons.

**75**. Plaintiffs seek relief, including compensatory, injunctive and punitive as set forth below.

## SEVENTH CAUSE OF ACTION

**VIOLATION OF 18 U.S. CODE 1621 AND SECTON 1746 OF TITLE 28**

**76**. Plaintiffs incorporate by reference each and every allegation in the foregoing paragraphs of this Complaint.

**18 U.S. Code § 1621 - Perjury generally**:

77. Whoever—

**(1)** having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter

24

COMPLAINT

which he does not believe to be true; or

**(2)** in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true; is guilty of perjury.

**78**. On May 30, 2023 Defendant Todd A. Brisco and Associates, APC and their employee Ryan Process filed with the San Diego superior courthouse case number *37-2023-00015923-CU-UD-CTL* falsified proof of service (Written) which was notarized; Ryan Norris presented this as truth when it was false.

**79.** Further at a hearing scheduled for September 15, 2023 Attorney Todd Brisco brought his employee Ryan Norris to the hearing to commit Perjury under oath before the presiding Judge. It was an intentional misrepresentation of facts, outright lies and willful deception to the Court and in doing so they committed two acts that are prohibited by Courts in addition are criminal acts.

**80.** It had already been established by the presiding Judge September 07, 2023 that the process service couldn't be true and that Oudree hadn't been properly served nor had Stormi and he had issued a tentative order; the order included the requirement for Oudree to file a Proposed Answer.

**81**. Plaintiffs seek relief, including compensatory, injunctive and punitive as

COMPLAINT

set forth below.

## EIGTH CAUSE OF ACTION

### FRAUD 18 U.S. Code § 1341

### Rule 9. PLEADING SPECIAL MATTERS

**82**. Fraud deals with concealment of a material fact known to the defendant. The defendant must have acted with the specific intention to deprive the victim of money, property, or acted in a way to cause harm to the victim. Fraud may involve one party making a false statement or misrepresenting information to another which then causes damage or harm.

**83.** On May 05, 2023 Defendants employee Ryan Norris claimed to serve Oudree with summons and complaint which was false. Ryan Norris never made contact with Oudree or Stormi; he also claimed substituted service for Stormi by leaving another copy of the summons and complaint with Oudree for Stormi.

**84.** Because of the fraudulent actions of Todd Brisco law firm and his employee Ryan Norris Oudree nor Stormi knew the action was pending. As a result the Defendants moved the Court for a default judgment. On or about July 07, 2023 Oudree received the notice for default judgment and filed with the Court an Ex Parte Motion To Quash service and Motion To Set Aside Judgment. Thankfully the motion to set aside was granted at a later date. Stormi hasn't been heard in the unlawful detainer case. It was the responsibility of the Defendant to properly serve

COMPLAINT

the parties in the case, which they didn't. Stormi's right to due process is violated and she has been harmed.

85. The Plaintiffs were harmed by this egregious, unethical, outrageous and criminal behavior. The default judgment had been entered and granted and thankfully the Sheriff didn't show up because they are delayed otherwise Plaintiffs would have lost their right to be heard, lost their right to stay in their home and a miscarriage of justice would have occurred.

86. Intentional Misrepresentation is a statement with the intent to deceive, made by the defendant, that is known to be false or made recklessly without regard to whether it is true or not:

    **(1)** That defendant represented to plaintiff that a fact was true;

    **(2)** That defendant 's representation was false;

    **(3)** That defendant knew that the representation was false when he made it, or that he made the representation recklessly and without regard for its truth;

    **(4)** That defendant intended that plaintiff rely on the representation;

    **(5)** That plaintiff reasonably relied on defendant's representation;

    **(6)** That plaintiff was harmed; and

    **(7)** That plaintiff's reliance on the defendant's representation was a substantial factor in causing his harm.

87. Negligent misrepresentation includes deceitful conduct. Negligent

27

COMPLAINT

Misrepresentation is when the plaintiff claims harm because the defendant negligently misrepresented a fact. A defendant may be liable for negligent misrepresentation, when false statements made are believed to be true, but without any reasonable grounds for such belief.

**(1)** That defendant represented to plaintiff that a fact was true;

**(2)** That defendant's representation was not true;

**(3)** That although defendant may have honestly believed that the representation was true, defendant had no reasonable grounds for believing the representation was true when made;

**(4)** That defendant intended that plaintiff rely on this representation;

**(5)** That plaintiff reasonably relied on defendant's representation;

**(6)** That plaintiff was harmed; and

**(7)** That plaintiff's reliance on defendant's representation was a substantial factor in causing harm.

**88.** The Plaintiffs had a certain expectation from the Defendants that they would be truthful and professional but that was far from the case. Instead the Defendants deceived the Court by filing false statements which filed with the Court on May 30, 2023 and again on September 15, 2023, the Court also relied on the statements and documents to be true. Both the Attorneys at Todd Brisco and Associates law firm and their employee Ryan Norris are licensed and take an oath to uphold the law

correctly and to follow rules, regulations and procedures correctly which they failed to do in a bid to illegally gain possession of the property that the Plaintiff resides in. Defendants acted with oppression, malice and fraud.

**89.** As a result of the Fraud and misrepresentation from the Defendants it has caused substantial harm in that their right to due process has been violated, Stormi has not been heard nor notified of the pending action, Plaintiff is under the threat of a illegal and discriminatory eviction and the Court was deceived and the action of the Defendants fraud and other illegal actions has caused substantial emotional distress and psychological harm to the Plaintiff. The Plaintiff has substantial health problems and disabilities which have been exacerbated by this illegal action and the illegal actions of the Defendants. Plaintiff has not had any peace or enjoyment where she lives and she is still grieving the loss of her partner who died January 19, 2023.

**90.** Plaintiffs seek relief, including compensatory, injunctive and punitive as set forth below.

## **PRAYER**

**WHEREFORE** Plaintiffs pray for judgment as follows:

**1.** Compensatory damages and restitution in an amount to be determined at trial, plus interest accruing between March 22, 2023 to the date of judgment;

**2.** For injunctive relief;

**3.** For punitive damages, to be determined at trial;

29

COMPLAINT

**4.** For attorney fees, statutory costs, and expenses;

**5.** For actual damages; to be determined at trial;

**6.** For an order to cease housing discrimination;

**7.** For an order reinstating Plaintiffs lease agreement;

**8.** For Judgment in favor of the Plaintiffs and against each Defendant on all causes of action; and

**9.** For such other and further relief

Respectfully Submitted:

Dated February 29, 2024

Signature: _Oudre S. El_

By: _Oudre Ellis-Sanders_

PLAINTIFF IN PROPER PER

30

COMPLAINT

1

2

3

4

## **DEMAND FOR JURY TRIAL**

5

6

Plaintiffs Oudree Ellis-Sanders, Stormi Sanders and Oudree Ellis-Sanders on

7

behalf of Trinity Ellis-Sanders, a minor hereby demands a jury trial.

8

9

DATED: February 29, 2024

10

11

12

Submitted By: *Oudru S. El*

13

Oudree Ellis-Sanders

14

Plaintiff In Proper Per

15

16

17

18

19

20

21

22

23

24

25

26

27

28

31

COMPLAINT