# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUDREE ELLIS-SANDERS, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>GUARDIAN PIAZZA D'ORO LLC, et al.,<br><br>          Defendants. | Case No. 24-cv-00408-BAS-SBC<br><br>**ORDER:**<br><br>**(1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **(ECF No. 2); AND**<br><br>**(2) DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL (ECF No. 3)** |

Plaintiff Oudree Ellis-Sanders is self-represented. She filed this lawsuit arising out of a housing dispute against Defendants Guardian Piazza D'Oro LLC, FPI Management, Inc.; and Todd A. Brisco and Associates, APC. (Compl., ECF No. 1.) The Complaint also includes Oudree Ellis-Sanders's two daughters—Stormi Sanders and a minor child, TES—as parties.

Plaintiffs move to proceed *in forma pauperis* ("IFP")—without paying the filing fee—and for appointment of counsel. (*See* ECF Nos. 2, 3.) For the following reasons, the Court denies without prejudice Plaintiffs' requests.

## I. Request to Proceed Without Paying the Filing Fee

### A. Legal Standard

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted IFP status pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Under 28 U.S.C. § 1915, indigency is the benchmark for whether a plaintiff may proceed IFP. The determination of indigency falls within the district court's sound discretion. *See Cal. Men's Colony, Unit II Men's Advisory Council v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "[s]ection 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to satisfy the IFP indigency threshold. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To qualify for IFP status, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. However, "care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Skyler v. Saul*, No. 19-cv-1581-NLS, 2019 WL 4039650, at *3 (S.D. Cal. Aug. 27, 2019).

**B.     Analysis**

    **1.     Plaintiff Oudree Ellis-Sanders**

Plaintiff Oudree Ellis-Sanders is unemployed and states she is unable to work full-time due to disability. (IFP Appl. ¶¶ 1, 11.) She receives $1,257 per month in public assistance. (*Id.* ¶ 1.) Plaintiff lists a 2009 vehicle as her only asset. (*Id.* ¶¶ 4–5.) She cares for her minor child with her limited income. (*Id.* ¶ 7.) Based on this information, the Court finds Oudree Ellis-Sanders qualifies for IFP status. (ECF No. 2.) The Court assumes that Plaintiff's minor daughter, TES, would also qualify for IFP status if represented and allowed to proceed with her claims.

    **2.     Plaintiff Stormi Sanders**

The fact that Oudree Ellis-Sanders qualifies for IFP status does not end the inquiry. "Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed *in forma pauperis* unless all of them demonstrate inability to pay the filing fee." *Tom v. Wells Fargo Bank N.A.*, No. CV 19-00545 JMS-KJM, 2019 WL 13215306, at *1 (D. Haw. Oct. 31, 2019) (quoting Martinez v. Lutz, 2018 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018)); *see also, e.g.*, *Anderson v. California*, No. 10 CV 2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("In addition, although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for IFP status."). "Thus, each named plaintiff must submit separate applications to proceed as a pauper before a court will grant multiple plaintiffs in forma pauperis status in one action." *Remmert v. Newsome*, No. 1:23-cv-00050-ADA-HBK, 2023 WL 1806277, at *1 (E.D. Cal. Jan. 31, 2023).

Here, the Complaint identifies Stormi Sanders, Oudree Ellis Sanders's adult daughter, as a party. (Compl. ¶ 13.) Stormi Sanders "is listed on the residential lease agreement" underlying this dispute, although "she maintains a residence in the County of Orange." (*Id.*) Only a single request to proceed IFP was filed, however. (ECF No. 2.) Oudree Ellis-Sanders signed the IFP Application, and the form only includes information about her. (*Id.*) Therefore, the Court lacks any information about whether Stormi Sanders

qualifies for IFP status, and the Court must deny the request to proceed IFP. *See Remmert*, 2023 WL 1806277, at *1. For Plaintiffs to collectively proceed IFP, Stormi Sanders must submit her own separate, signed, and complete IFP Application to allow the Court to determine if she can proceed without paying the filing fee.

Further, because Plaintiffs have not yet paid the filing fee or been granted IFP status, the Court denies without prejudice the request for appointment of counsel. (ECF No. 3.) If Plaintiffs pay the filing fee or demonstrate IFP status is appropriate, the Court will address the Motion to Appoint Counsel.

**II.   Conclusion**

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** the Application to Proceed IFP. (ECF No. 2.) The Court also **DENIES WITHOUT PREJUDICE** the Motion to Appoint Counsel. (ECF No. 3.) If Plaintiffs wish to proceed with this action, then by **September 24, 2024**, Plaintiffs must either:

A.   Pay the single filing fee of $405; or

B.   Submit a complete IFP Application signed by Stormi Sanders. She should use the same "Long Form" application completed by Oudree Ellis-Sanders.

The Court cautions Plaintiffs that if they do not pay the filing fee or submit an IFP Application completed by Stormi Sanders, the Court will dismiss the action without prejudice.

Finally, because Stormi Sanders is representing herself, she must also sign the Complaint for this case to proceed. *See* Fed. R. Civ. P. 11(a). She should submit a copy of the signed Complaint with her complete IFP Application or any filing fee.

**IT IS SO ORDERED.**

**DATED: September 4, 2024**

Hon. Cynthia Bashant
United States District Judge